IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV143-03-MU

| | | |
|---|---|---|
| JERRY DALE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| N.C.D.O.C.; BOYD BENNETT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed April 16, 2007 (Document No. 1 ); Plaintiff's Motion for a Preliminary

Injunction (contained within Document No. 1); and Plaintiff's Motion for the Appointment of

Counsel (Document No. 2.)

Plaintiff filed this 42 U.S.C. § 1983 claim against the North Carolina Department of

Corrections and Boyd Bennett, Director of Prisons, alleging that he is currently housed in the

segregation unit at Alexander Correctional Institution and that, as an American Indian, he is being

denied his right to have his prayer pipe, medicine bag and eagle feather while in the segregation unit.

Petitioner admits that he has not filed a grievance with respect to this claim.

First, a cause of action under 42 U.S.C. § 1983 requires a deprivation of a right secured by

the Constitution by a person acting under color of state law.  The North Carolina Department of

Corrections, is not a proper party to this lawsuit because it is not a "person."  Furthermore, neither

the state nor state officials acting in their official capacities are "persons" within the meaning of §

1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); see also Ngiraingas v. Sanchez,

Dockets.Justia.com

495 U.S. 182 (1990).

Next, **t**he Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. Specifically, 42 U.S.C. § 1997e(a) states, 'no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2003). There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.") All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. The effectiveness of the administrative procedure to produce the inmate's requested remedy and/or the alleged futility of the administrative remedies to produce the inmate's requested remedy are not exceptions to the exhaustion of administrative remedies requirement under the Act. Taylor v. Dr. Barnett, 105 F. Supp. 2d 483, 486 (E.D.Va 2000) (courts should focus on availability and not effectiveness of remedies); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) (there is no futility exception to Section 1997e(a)). Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. An "inmate cannot simply fail to file a grievance or abandon the process before completion and claim he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999) citing Wright v. Morris, 111 F.3d 414, 417 n.3 (7th Cir.) cert. denied, 522 U.S. 906 (1997).

A prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. Anderson v. XYZ Correctional Health Serv., 407 F.3d 674, 683 (4th Cir. 2005). Therefore, when considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

It is clear, and in fact Plaintiff concedes, that at the time he filed his Complaint, he had not exhausted his administrative remedies. Plaintiff argues that he did not file a grievance regarding the issues raised in the instant Complaint because "it takes about 90 days or more to exhaust [and] appeal a grievance to the Highest level and I already have a grievance filed [and] cannot file another one till [sic] that one reaches stage 2 . . .By the time it took to do this, I would be out of segregation." (Complaint at 3.) Plaintiff also states that "a grievance on this issue will only be denied [and] stall [his] time, without being able to pray in seg." (Id.) Plaintiff's stated excuse for failing to following the administrative grievance process will not save his Complaint. Indeed, consistent with the above cited case law, Plaintiff's Complaint will be dismissed for failure to exhaust his administrative remedies.

Next, Plaintiff also asks this Court to issue a Preliminary Injunction enjoining the Defendants from following DOC policy which prohibits prayer pipes, medicine bags and eagle feathers to inmates in segregation. The decision whether to issue a preliminary a preliminary injunction is committed to the sound discretion of the trial court. Hughes Network Sys. V. InterDigital Communications Corp., 17 F.3d 691, 696 (4th Cir. 1994). However, the grant of a preliminary

injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Direx v. Israel, Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992).

In deciding whether to enter a preliminary injunction, a court must weigh four factors: (1) whether the plaintiff will suffer irreparable harm if the injunction is not granted; (2) the injury to the defendant should injunctive relief be granted; (3) the plaintiff's likelihood of succeeding on the merits; and (4) the public interest. Hughes Network Sys., 17 F.3d at 693. However as a preliminary matter, and notwithstanding the application of the four factors to the facts of the instant case, this Court cannot ignore that Plaintiff, admittedly, has not exhausted his administrative remedies. This failure to exhaust his administrative remedies is fatal to his Complaint and to his Motion for a Preliminary Injunction. Indeed, in a 1983 action, a plaintiff's failure to exhaust his administrative remedies bars recovery on a preliminary injunction. Miller v. Stieneke, 202 F.3d 259 (1999); see also, Nations Bank v. Herman, 174 F.3d 424 (1999) (where plaintiff had to exhaust prior to bringing suit, preliminary injunction was improper since party cannot prevail on merits of suit it does not have the right to bring.) Plaintiff's failure to exhaust his administrative remedies bars his recovery on his Motion for a Preliminary Injunction. As such, Plaintiff's Motion for a Preliminary Injunction is Denied.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1)  Plaintiff's Complaint is Dismissed for failure to exhaust administrative remedies;

(2) Plaintiff's Motion for Preliminary Injunction (motion contained within Document No. 1) is DENIED; and

(3) Plaintiff's Motion for the Appointment of Counsel (Document No. 2) is dismissed as

moot


**SO ORDERED.**



Signed: April 19, 2007


Graham C. Mullen
United States District Judge